IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GREGORY C. LAWRENCE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-112 |
| MARYLAND AVIATION, ADMINISTRATION, | * | |
| Defendant. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## **MEMORANDUM OPINION**

Plaintiff Gregory C. Lawrence has filed a two-count complaint against the Maryland Aviation Administration ("MAA") alleging race discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964 and the Maryland Fair Employment Practices Act ("FEPA") based on his non-selection for the position of Fire Chief at the Baltimore/Washington International Airport.[1]  42 U.S.C. §§2000e-2(a), 2000e-3(a); Md. Code, State Gov't §§ 20-266(a), 20-606(f).  Now pending before this Court is Defendant Maryland Aviation Administration's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 14) ("Defendant's Motion").  Also pending is Plaintiff's Rule 56(d) Motion for Stay of Consideration of Defendant's Motion for Summary Judgment (ECF No. 18) ("Plaintiff's Motion to Stay").  The parties' submissions have been reviewed,

---

[1] Title VII and FEPA are analyzed herein as one because "[t]he Maryland Court of Appeals has deemed FEPA to be the  state law analogue of Title VII, and has noted that Maryland courts 'traditionally seek guidance from federal cases in interpreting Maryland's [FEPA].'" *Linton v. Johns Hopkins Univ. Applied Physics Lab., LLC,* No. JKB-10-276, 2011 WL 4549177, at *4 n.3 (D. Md. Sept. 28, 2011) (citing *Haas v. Lockheed Martin Corp.,* 396 Md. 469, 914 A.2d 735, 742 (2007)).

and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 16) is GRANTED IN PART and DENIED IN PART.  Specifically, the motion is GRANTED as to the retaliation claim in Count II, but is DENIED as to the race discrimination claim in Count I.  Plaintiff's Rule 56(d) Motion to Stay (ECF No. 18) is DENIED AS MOOT.

BACKGROUND

When reviewing a Motion to Dismiss, the Court accepts as true the facts alleged in the plaintiff's Complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  In ruling on a Motion for Summary Judgment, the Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

Pursuant to the settlement of a 2003 race discrimination lawsuit filed by Lawrence against MAA, he was hired as Deputy Fire Chief at MAA's Baltimore/Washington International Airport Fire and Rescue Department ("BWI FRD") in January 2007.  (ECF No. 1 at ¶¶ 16.)  Plaintiff served as Deputy Fire Chief from January 2007 through December 2013 and as Acting Chief of BWI FRD from December 2013 through his March 2014 termination.  (*Id.* at ¶¶ 20, 38.)

While not directly relevant to plaintiff's claims in this case, the events resulting in Lawrence's termination are set forth in the Complaint and summarized herein.  In July 2013, plaintiff was involved in a minor automobile collision while driving an official vehicle to complete a personal errand.  (ECF No. 1 at ¶¶ 22, 23.)  Though it is unclear whether such

2

use was authorized at the time, plaintiff's supervisor, Wayne Pennell, requested an audit of plaintiff's use of the official vehicle. (*Id.* at ¶¶ 24-26.) As a result of this inquiry, plaintiff was terminated from his position as Deputy Fire Chief in March 2014. (*Id.* at ¶¶ 27-28.) Plaintiff sought relief from his termination in Maryland state court, and, pursuant to the findings of a state Administrative Law Judge, MAA was ordered to reinstate plaintiff to his position as Deputy Fire Chief.[2] (ECF No. 1-8.) The ALJ's decision was affirmed by the Circuit Court for Anne Arundel County, Maryland. (ECF No. 1-9.)

Lawrence's claims in this case are premised not on his termination, but, rather, on MAA's alleged race discrimination and retaliation in the selection of the new BWI FRD Fire Chief/Director between November 2013 and March 2014.[3] (ECF No. 1 at ¶ 32-50.) The opening of the this position was announced by MAA on November 19, 2013. (ECF No. 1 at ¶ 36.) Interviews before a five-person panel were conducted on January 23, 2014.[4] (*Id.* at ¶ 40.) Plaintiff alleges that despite his experience and "stellar qualifications" for the position, he was not hired; instead, plaintiff alleges, "[t]he person hired was a Latino male, substantially less qualified for the position than Mr. Lawrence." (*Id.* at ¶¶ 45-48.) Plaintiff asserts that his non-selection for the BWI FRD Chief position was the result of MAA's race discrimination and retaliation for his 2003 lawsuit. (*Id.* at ¶¶ 49-50.)

---

[2] It is unclear from the papers, however, whether Mr. Lawrence returned to his position as Deputy Fire Chief.

[3] While defendant argues that "all Title VII discrimination allegations concerning events occurring on or before January 3, 2014 are time barred," the alleged discriminatory non-hiring is alleged to have occurred between November 2013 and March 2014, with interviews for the position having been conducted on January 23, 2014. (ECF No. 14-1 at 17-18.) *See* ECF No. 1 at ¶ 32-50. The alleged discriminatory hiring decision, therefore, took place within the applicable time frame for plaintiff's claims.

[4] Two of the panel members, Wayne Pennell and Michael Feurer, were also members of the panel investigating plaintiff's use of the official vehicle. *See* Footnote 1, *supra*. (ECF No. 1 at ¶ 42.)

## STANDARDS OF REVIEW

### I.      Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted).  Consequently, "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citation omitted).  Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).   Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).  However, in order to survive a motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Twombly*, 550 U.S. at 545).

## II.   Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).   A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   Thus, summary judgment is proper "only when no 'reasonable jury could return a verdict for the nonmoving party.'" *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1257 (Fed. Cir. 2001) (quoting *Anderson*, 477 U.S. at 255)).   When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Anderson*, 477 U.S. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).   However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).   If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50.   On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).

As this Court has explained, a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

ANALYSIS

## I.     Race Discrimination (Count I)

"To prevail on a disparate treatment claim for failure to promote, [plaintiff] must establish that [he] was treated less favorably because of [his] race." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). A plaintiff may prove defendant's race discrimination either through direct evidence that the decision not to promote him was racially motivated or through the *McDonnell Douglas* burden-shifting scheme. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). As plaintiff has alleged no direct evidence of discriminatory animus on the part of defendant in the hiring process, his claims are analyzed under the *McDonnell Douglas* standard. Plaintiff, therefore, must show that he: "(1) is a member of a protected class; (2) applied for an open position; (3) was qualified; and (4) was rejected under circumstances "giving rise to an inference of unlawful discrimination." *Cepada v. Bd. of Educ. of Baltimore Cty.*, 814 F. Supp. 2d 500, 510 (D. Md. 2011) (citing *Mackey v. Shalala,* 360 F.3d 463, 468 (4th Cir. 2004), *Carter v. Ball,* 33 F.3d 450, 458 (4th Cir.1994)).

Once the employee establishes a *prima facie* case, the burden shifts to the employer to rebut the inference of retaliation. *McDonnell Douglas*, 411 U.S. at 802; *Anderson*, 406 F.3d at 268. Although the employer's burden is not onerous, it must articulate "some legitimate, nondiscriminatory reason" for the decision not to promote. *Id.* Once the employer

6

produces a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to prove

that the defendant's stated reason is pretextual, and "the trier of fact must determine if the

plaintiff has proved that the employer intentionally discriminated against [him] because of

[his] race." *Anderson*, 406 F.3d at 268.

While the parties do not dispute whether Lawrence (1) is a member of a protected

class who (2) applied for an open position, MAA argues that Lawrence fails to state a

plausible claim that he was (3) qualified for the Chief position and that he (4) was rejected

under circumstances giving rise to an inference of unlawful discrimination. *Cepada*, 814 F.

Supp. 2d at 510. *See* ECF No. 14-1 at 11-14. Specifically, MAA asserts that dismissal is

proper because "the complaint fails to present facts from which the Court could infer that

the plaintiff was more qualified than the candidate selected." (*Id.* at 12) (citing *McCleary-

Evans*, 780 F.3d at 586.) In his Opposition, plaintiff argues that his qualification for the

position of Chief is supported by the fact that he served as Acting Chief of BWI FPD for

several months prior to his termination. (ECF No. 17 at 20.) Plaintiff also argues that the

"long history of animus toward him, starting with resentment over his hiring," as set forth in

the Complaint, states a plausible claim that defendant's hiring process was a mere pretext for

defendant's discriminatory motives. (*Id.* at 15, 22.) *See* Footnote 1, *supra*.

Lawrence has stated a plausible claim for relief. As to the third element of his

discrimination claim, Lawrence's assertion that he was qualified for the position requires no

speculation at all: he had several years of experience working as Deputy Fire Chief and

served as Acting Chief for several months. (ECF No. 1 at ¶¶ 20, 38.) What is more,

defendant seems to have seriously considered plaintiff for the position, having granted

plaintiff an opportunity to interview for the job.  (*Id.* at ¶ 40.)  Similarly, in light of plaintiff's history with the MAA—notably, the race discrimination lawsuit which led to initial hiring in 2007—and plaintiff's subsequent firing for reasons which were later determined to be illegitimate,[5] it is plausible that the decision not to hire Lawrence may give rise to an inference of race discrimination.

MAA also seeks entry of summary judgment in its favor on this claim, arguing that Lawrence will be unable to prove that he was the better qualified candidate for the position sought and, thus, that he will be unable to show an "inference of unlawful discrimination" in his rejection for the Chief position.  (ECF No. 14-1 at 19.)  Plaintiff, to the contrary, argues that there exists a genuine dispute as to whether the candidate ultimately selected for the Chief position was better qualified than plaintiff and, moreover, that defendant's determination of the best qualified candidate was mere pretext for discrimination.  (ECF No. 17 at 33-36.)

At this point, before any discovery has been taken, the Court cannot conclude that there exists no genuine dispute of material fact so as to permit a ruling as a matter of law. Fed. R. Civ. P. 56(c).  This case shall proceed to discovery to allow plaintiff the opportunity to develop a factual record in support of his contentions.

Accordingly, Defendant's Motion to Dismiss is DENIED as to Count I.  In addition, Defendant's Motion for Summary Judgment is DENIED without prejudice to re-file.[6]

---

[5] *See* ECF Nos. 1-8, 1-9.

[6] In light of this ruling, Plaintiff's Motion to Stay is DENIED AS MOOT.  The parties shall proceed with discovery consistent with the Scheduling Order to be issued in this case.

## II.     Retaliation (Count II)

When, as in this case, the plaintiff relies upon circumstantial evidence of misconduct in support of a retaliation claim, the burden-shifting framework of *McDonnell Douglas Corp.* applies.  (*See* ECF No. 1 at ¶¶ 57-62.)   A plaintiff first must establish a *prima facie* case of retaliation by showing that: "(1) he engaged in protected activity; (2) [the employer] acted adversely against him; and (3) the protected activity was causally connected to the adverse action."  *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)).   Once the employee establishes a *prima facie* case, the burden shifts to the employer to rebut the inference of retaliation.  *McDonnell Douglas*, 411 U.S. at 802.   Although the employer's burden is not onerous, it must articulate "some legitimate, nondiscriminatory reason" for the adverse employment action.    *Id.*     Once the employer produces a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to prove that the defendant's stated reason is pretextual.   *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). To that end, the employee must either show that the employer's explanation is "'unworthy of credence' or . . . offer[] other forms of circumstantial evidence sufficiently probative of" the retaliation.   *Mereish v. Walker*, 359 F.3d 330, 332 (4th Cir. 2004); *see also McGrath-Malott v. Maryland*, 565 F. Supp. 2d 656, 670-71 (D. Md. 2008).

Here, Lawrence alleges that he engaged in protected activity "when he sued MAA in 2003 for race discrimination," a suit which was not resolved until January 2007.  (ECF No. 1 at ¶ 57.)   Plaintiff further alleges that MAA acted adversely against him in 2013-2014 by refusing to promote him to the position of BWI FRD Chief.  (*Id.* at ¶ 58.) With respect to the causation element of the *McDonnell Douglas* test, plaintiff recognizes that "the time

between the resolution of [plaintiff's] protected actions and MAA's refusal to promote him **was a number of years**," but alleges that "the resentment based on those actions was ongoing." (*Id.* at ¶ 58) (emphasis added.)

Lawrence's retaliation claim must fail as a matter of law based on the third element of the *McDonnell Douglas* test. That is, the seven year time lapse between the latest date of plaintiff's alleged protected activity (his 2007 hiring as part of the settlement of his race discrimination lawsuit) and defendant's adverse action (his 2014 non-promotion) is far too attenuated to establish the requisite "causal connection" between these acts. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (twenty (20) months considered too attenuated to establish causation); *Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (three to four months too attenuated to establish causation); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (three year lapse between protected activity and alleged adverse action "negates any inference that a causal connection exists between the two"); *Church v. Maryland*, 180 F. Supp. 2d 708, 745 (D. Md.), *aff'd,* 53 F. App'x 673 (4th Cir. 2002) (fourteen (14) month lapse "does not permit an inference that the two are causally connected").

Accordingly, Count II of plaintiff's Complaint must be DISMISSED WITH PREJUDICE as a matter of law.

## CONCLUSION

For the reasons stated below, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 14) is GRANTED IN PART and DENIED IN PART.

Specifically, the motion is GRANTED as to the retaliation claim in Count II, but is DENIED as to the race discrimination claim in Count I.  Plaintiff's Rule 56(d) Motion to Stay (ECF No. 18) is DENIED AS MOOT.

A separate Order follows.


Date:  October 7, 2016                    _____/s/_____
                                          Richard D. Bennett
                                          United States District Judge

11